**MARATHON INSURANCE CO., a corporation, Plaintiff in Error,**

**v.**

**Kenneth R. ARNOLD, Defendant in Error.**

**No. 41137.**

Supreme Court of Oklahoma.

Sept. 26, 1967.

Carl W. Davis, Oklahoma City, for plaintiff in error.

Whitten & Whitten, by Joe W. Whitten, Oklahoma City, for defendant in error.

PER CURIAM:

In question here is the effective date of an insurance policy covering plaintiff's automobile.

During October, 1957, Kenneth R. Arnold, the plaintiff in the trial court, entered into an agreement in writing whereby he agreed to purchase and Arthur Harris Ford Company agreed to sell, a new Ford automobile. The purchase was to include a trade-in of Arnold's old automobile, some cash, and financing of an unpaid balance of the price of the vehicle. On October 14, 1957, Arnold executed and delivered to Harris Ford an application for credit financing and for insurance coverage on the new automobile. The application was submitted to Pacific Finance Company and, subsequently, on October 16, 1957, the application was approved and on October 16, 1957, plaintiff turned his old automobile to Harris Ford, paid the cash portion of the down payment, and took delivery of the new automobile, and a policy of insurance covering the new vehicle as provided in the credit financing application was issued by Marathon Insurance Company to Arnold for the term of one year commencing October 14, 1957. However, said policy of insurance was not delivered to Arnold but was delivered to Pacific Finance Company.

After taking delivery of the new automobile, Arnold continued as the owner of the same until, on October 15, 1958, the vehicle was severely damaged in a one-car accident. On the occurrence of the damage to the vehicle Arnold filed a claim with Marathon for payment of the property damage to the car under the coverage afforded by the above policy. Marathon informed Arnold the coverage had expired at 12:01 a. m. October 14, 1958, prior to the occurrence of the damage to the automobile.

Arnold commenced this action seeking to recover under the terms of the policy on the general theory that he was not the owner of the automobile until October 16, 1957, that by its own terms the insurance policy could not apply until he was the owner of the insured automobile, that he had paid a full year's premium, and that Marathon was required to provide a full year's coverage from October 16, 1957.

Following trial to a jury, judgment in favor of the plaintiff was entered. From that judgment and order overruling its motion for a new trial Marathon Insurance Company has perfected this appeal.

The first proposition urged by Marathon is that the trial court erred in overruling the special appearance and motion to quash filed on its behalf. Under the circumstances here presented, the question of whether Marathon's motion to quash was so general in terms as not to notify plaintiff and the trial court as to the real nature of defendant's objection to the service of summons is not moot. By formal order of this Court supplemental hearings were had before the trial court in order to determine as a factual issue whether the motion to quash of Marathon had been overruled or had been withdrawn as was contended by Arnold. On that hearing, and after evidence had been taken, the court below entered its order nunc pro tunc finding that such motion had been withdrawn by Marathon. Under this record the defect in service, if any, was waived by Marathon.

Marathon next contends (in its proposition 2) this action is barred by the statute of limitation. This contention is bottomed upon the premise this action is one sounding in fraud within the meaning of Title 12 O.S.1961, Sec. 95. To the contrary, Arnold asserts the action is one upon a written contract of insurance, and is, therefore, governed by the five year statute of limitation applicable to actions upon a contract in writing. We are unable to agree with the contention of Marathon. Arnold at no time alleges that Marathon was guilty of fraud. Indeed, under its proposition 3, Marathon asserts Arnold did not allege fraud on behalf of Marathon. We are of opinion the petition herein

sounds in contract, not fraud, and that the action is not barred by the statute of limitation, having been filed well within five years from the inception of the insurance contract.

 Marathon's third proposition is that the trial court erred in overruling the demurrer to Arnold's petition. Defendant argues that the insurance policy in question had expired by its own terms and that plaintiff made no attempt to reform the policy on any claim of fraud or mistake. The petition, taken in its most favorable aspect, as it must be in considering the correctness of an order overruling demurrer thereto, appears to be based upon the contention that Marathon owed a duty to Arnold based upon the contract of purchase of the new Ford on time contract, to issue a policy of insurance for the term of one year from the date of that purchase, asserted by plaintiff to be October 16, 1957; and that Marathon, in issuing its policy dated October 14, 1957, breached that duty. The action is, essentially, one for money judgment according to terms of the policy as if reformed so as to conform to the obligations of the parties under the overall agreement of purchase and sale. We are unable to agree with defendant's third contention.

 Marathon (omitting more than mere reference to points 4 through 6 set forth in its petition in error) next, in its proposition 7, urges reversal on the ground that the trial court erred in overruling Marathon's motion to suppress deposition. In that regard, Marathon asserts it filed written objections to the deposition prior to trial. That such objections must be filed prior to the commencement of the trial is without question. Title 12 O.S.1961, § 450, so requires. This section reads as follows:

> "Exceptions to depositions as a whole shall be in writing, specifying the grounds of objections, and filed with the papers in the cause before the commencement of the trial."

While Marathon asserts the objections to depositions herein were filed on April 21, 1964, and prior to the commencement of the trial of this cause, the record does not support this statement. The trial of this case below commenced at 9:30 a. m. April 23, 1964, whereas Marathon's motion, as set forth in the record, carries the endorsement of the clerk of the court showing the same was filed on April 23, 1964, not April 21, 1964. Additionally, the trial court appearance docket in this case is attached to the case-made herein and shows the said motion and objections were filed not on April 21, 1964, but on April 23, 1964. Absent some showing that such should not be the case, this Court and the parties are bound by the record on this appeal. In as much as there is no showing that timely exceptions were taken to the depositions herein, this issue is moot.

 In any event, we are of the opinion the procedure followed by Arnold was sufficient under the law, and that the depositions by way of interrogatory were properly allowed in evidence. It is noted that counsel for Marathon, when notified that plaintiff's interrogatories were being submitted for answer, said he would submit some interrogatories of his own at a later time but did not do so and that he made no application to the trial court for a continuance of the trial in order to propound cross-interrogatories. Under these circumstances, we find the trial court did not err in allowing the written interrogatories to be introduced in evidence.

Defendant lumps its propositions 8, 9 and 10 together and contends that errors of law occurred at the trial below; that the trial court erred in the admission of certain of plaintiff's evidence; and that the court erred in admitting a deposition given by plaintiff.

In argument defendant says it "will not attempt to state in this brief the testimony of the witnesses or the testimony in the deposition, for the record is voluminous and all through the evidence, there appears

many objections on behalf of the defendant to the testimony in the depositions, and the testimony of plaintiff's witnesses."

The argument continues "that all the evidence introduced and produced by plaintiff, Kenneth R. Arnold, was for the sole purpose of altering the terms of a written instrument and an attempt to reform a written instrument."

 There then follows the citation of a number of authorities for the proposition that one will not be permitted to alter a written contract by parol evidence. As a statement of abstract law this is true.

However, we have noted hereinabove that we deem this suit to be not one, equitable in nature, to reform the insurance contract, but rather to be an action for recovery of money upon an insurance policy, contract sought to be treated as reformed so as to give coverage pursuant to its terms for one year, commencing not upon the date plaintiff applied for credit but rather upon the date on which the jury apparently believed his credit was approved, and on which he got the new automobile and first acquired an insurable interest therein and on which the policy of insurance was issued and its one-year term commenced.

The judgment of the trial court is affirmed.

The Court acknowledges the services of Jack B. Sellers, Maurice E. Lampton and Streeter Speakman, who, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to WILLIAMS, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.