249 So.2d 584 (1971)
Joseph SLAUGHTER, Plaintiff-Appellee,
v.
Eugene C. RODDIE d/b/a Roddie Tax Service, Defendant-Appellant.
No. 3407.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1971.
Rehearing Denied June 25, 1971.
*585 Mouton, Beard, Plaisance & Franques by James E. Mouton, Lafayette, for defendant-appellant.
William E. Logan, Lafayette, for plaintiff-appellee.
Before SAVOY, HOOD and MILLER, JJ.
SAVOY, Judge.
Joseph Slaughter brought this suit to recover damages he incurred for the wrongful preparation by defendant of his 1964 income tax return.
The record reveals that defendant had prepared income tax returns for the plaintiff for five or six years prior to the 1964 tax year. Plaintiff was in the air conditioning business, and at defendant's suggestion, he agreed to file a loss carry back on his 1964 tax return insofar as he was told he would be entitled to a refund of approximately $1,500.00. The carry back was inserted in plaintiff's return by defendant. Several months later plaintiff received a refund from the federal government of $1,502.27 along with interest of $32.38. Several months after receiving the refund, plaintiff received notification that his records were to be audited and instructions to report to the Internal Revenue Service office in Lafayette.
After the audit was completed, plaintiff was informed that he owed the federal government $2,600.00 in taxes, penalties and interest. After contacting defendant to inquire what to do and receiving no help from him, plaintiff employed an attorney, and shortly thereafter a Certified Public Accountant. Subsequently, the claim was compromised for $1,534.64 (the amount refunded to plaintiff) plus $76.74 as a penalty, $166.36 as interest on the rebate, $135.05 as a penalty for failure to file a Form 941, and interest on said failure of $53.19. The fee of the CPA was $750.00, and the attorney fee was $500.00. Plaintiff sought recovery against defendant for all of the above-mentioned items except the amount previously refunded to him.
The trial court, after overruling exceptions filed by the defendant, and after a hearing on the merits, entered judgment in plaintiff's favor in the sum of $1,553.10, representing the penalty of $76.74, interest on the erroneous refund of $166.36, the $60.00 fee paid to defendant for obtaining *586 the refund, $750.00 CPA fees, and $500.00 attorney fees. The penalty of $135.05 assessed for failure to file a Form 941, and the interest thereon of $53.19, was disallowed.
From the adverse judgment defendant appealed suspensively, contending that the trial court erred (1) in not sustaining the exception of prescription; (2) in not sustaining the exception of no cause of action insofar as a portion of the contract was not performed; and (3) in applying the law which it did in the case.
Defendant's exception of prescription was properly overruled insofar as the income tax guarantee given by defendant expressly stated that it was for the life of the return. The defendant's contention that insofar as a portion of the contract stated that the taxpayer had read the return, and that everything appeared correct, that plaintiff failed to state a cause of action for not alleging compliance with same in his petition, must fall because plaintiff would not have required the services of defendant had he been able to understand everything contained in the return.
Prior to the trial of the case, defendant admitted that he had erroneously prepared the loss carry back, and that he was liable for the interest penalty assessed and was obligated to return to plaintiff $60.00 which he received for preparing the loss carry back and which was conditioned upon receipt of the refund prepared. However, he denied that he was liable for any additional expenses, and particularly any attorney or CPA fees paid to persons hired by plaintiff.
A notation sent to plaintiff along with his income tax return stated as follows:
"UNCONDITIONALLY GUARANTEED
"In the event of an audit we cheerfully appear with you for audit of your return, subject of course to verification of each item on your return by receipts or reasonable explanation. We do not accept responsibility for estimates we are required to make in regard to interest or other items when amounts are unknown at time of preparation. In the event of interest or penalty assessed against this return after accounting by receipts we pay all penalties or interest assessed. This guaranty is for the life of the return and no further charges will be made for the above service."
Under this guarantee and defendant's admission of erroneously preparing the loss carry back, defendant is liable for the $76.74 penalty assessed and for the $166.36 in interest on the erroneous refund, as well as the $60.00 fee for preparing the loss carry back. We are of the opinion, as was the trial court, that the penalty assessed for failure to file a Form 941 in the sum of $135.05, and interest thereon was properly disallowed. Plaintiff failed to prove this portion of his claim for damages, and his attorney admitted in his appellate brief that this would have been due notwithstanding the erroneous advice given by defendant.
Counsel for plaintiff contends that plaintiff is entitled to recover under Articles 1930 and 1934 of the Civil Code the money which he had to pay his attorney and CPA to handle the matter for him.
The trial court allowed plaintiff to recover for attorney and CPA fees. We think the trial judge was in error in allowing attorney fees for, as stated in the case of Kenny (Maloney) v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386:
"It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320. Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. * * *."
Since the agreement between the plaintiff and defendant did not stipulate for attorney's fees, they are hereby disallowed.
*587 The trial court awarded Eddie M. LeBlanc, Jr., plaintiff's CPA, the sum of $750.00 for services rendered plaintiff. LeBlanc's testimony was to the effect that the loss carry back was so completely erroneous that it constituted a red flag to the IRS examiners. In addition, defendant made no real effort to help plaintiff after he was informed that an audit was forthcoming, and that a deficit of $2,600.00 was found. Had he attended the conferences or made some attempt to help plaintiff alleviate himself from the demands of IRS, it may well be that plaintiff would not have needed to employ the parties he did. LeBlanc testified that he worked approximately forty hours at $20.00 an hour. Considering the work done by the CPA, we are of the opinion that the fees are reasonable.
For the reasons assigned the judgment of the trial court is amended so as to disallow attorney's fees herein; and as amended, is affirmed. Plaintiff-appellee is to pay all costs of this proceeding.
Amended and affirmed.

On Application for Rehearing
PER CURIAM.
In the instant case counsel for plaintiff-appellee complains, among other things, that this Court cast his client for all costs of these proceedings. This was done through inadvertence. Since we reduced the judgment of the district court on appeal, our intention was to cast plaintiff-appellee for costs of court incurred in this Court. With this explanation, we are hereby correcting this error and hereby assess plaintiff-appellee with costs incurred in this Court; therefore, the application for rehearing is denied.
Rehearing denied.