19 P.3d 899 (2001)
2001 OK CIV APP 11
Jackie J. KING and Robin King, Appellees,
v.
Wylie J. NEAL, Appellant.
No. 93,533.
Court of Civil Appeals of Oklahoma, Division No. 4.
Decided January 9, 2001.
Kathryn A. Herwig, Clark & Williams, Tulsa, Oklahoma, for Appellees.
Gerald J. Lovoi, Tulsa, Oklahoma, for Appellant.
Released for Publication by Order of the Court of Civil Appeal of Oklahoma, Division No. 4.
*900 REIF, J.
¶ 1 This appeal arises from a malpractice suit that Jackie and Robin King filed against their former tax attorney/tax preparer, Wiley Joseph Neal. The Kings brought this suit following an audit of their 1991 federal tax return which disallowed two deductions. One of the disallowed deductions concerned a "loss" that Mr. Neal concluded the Kings sustained in their 1991 settlement of a multi-year dispute with the Bank of Tulsa. The other disallowed deduction involved legal fees and expenses that the Kings had paid in the course of the Bank of Tulsa dispute prior to 1991. By the time it was determined that the Kings could not take a 1991 deduction for legal fees paid prior to 1991, it was too late for the Kings to file amended returns to take the deductions in the years the legal fees were paid. As a result of the audit, the Kings were assessed additional taxes for 1991, interest, and penalties.
¶ 2 Mr. Neal did not dispute the disallowance of these deductions. Instead, he contended that he based his decision that these were valid deductions on incorrect and incomplete information provided by the Kings. Mr. Neal testified that (1) Mr. King told him legal representation for the Bank of Tulsa dispute was on a contingency or pay-at-the-end basis and (2) Mr. King and his attorney refused to let Mr. Neal examine the settlement agreement. Without seeing the settlement agreement, Mr. Neal contended that other information provided by Mr. King misled him to conclude the Kings had settled a dispute over a banking investment at a loss, as opposed to settling a dispute over the loss of collateral on a loan.
¶ 3 At the conclusion of the evidence, counsel for Mr. Neal moved for a directed verdict. The trial court overruled this motion and proceeded to finalize the instructions for submission of the case to the jury. In the course of finalizing the instructions, counsel for Mr. Neal (1) objected to the court's instruction on punitive damages and (2) tendered a proposed instruction for the jury not to consider additional, actual taxes that were assessed as damages. The trial court rejected the proposed instruction and allowed the jury to consider the "impact" of taxes that were assessed well after the filing of the return for the year in which the taxes were actually due.
¶ 4 On the basis of the court's instructions, the jury returned a verdict finding that the Kings were damaged by having to pay the additional tax, penalties, interest, and other expenses they claimed as a result of the audit. The Kings also recovered the fee paid to Mr. Neal for preparing the 1991 return. However, the jury awarded no punitive damages and fixed the parties' comparative negligence at 70% on the part of Mr. Neal and 30% on the part of the Kings.
¶ 5 On appeal, Mr. Neal contends that the trial court erred in entering judgment on *901 the jury verdict. In essence, Mr. Neal argues that the jury returned an excessive verdict, because the trial court refused his requested instruction that the additional, "actually owed" taxes assessed after the audit could not be considered as damages. Mr. Neal also believes that the jury was prejudiced by the trial court's admission of specific evidence about an error that Mr. Neal admittedly made in another tax return. Mr. Neal confessed liability for this error, and the jury was instructed not to consider this error for purposes of assessing damages. Upon review, we cannot agree that the trial court committed reversible error in either regard.
¶ 6 Under the circumstances of this case, we find no error by the trial court in rejecting Mr. Neal's requested instruction to exclude actual taxes owed from the jury's assessment of damages. According to the Kings' expert witness, the Kings were required to pay some additional tax, because (1) legal fees and expenses that the Kings paid prior to 1991 could not be deducted in 1991, and (2) it was not possible to amend past returns to take the deductions for the years the legal fees and expenses were paid. In other words, the language of the requested instruction was overly broad and would have excluded additional actual taxes owed that clearly were damages. In addition, at least one case recognizes that a taxpayer's damages include the additional, actual taxes that are assessed following an audit of a return that was in error due to negligent tax advice. Bancroft v. Indemnity Insurance Co. of N. Am., 203 F.Supp. 49 (W.D.La. 1962).[1]
¶ 7 Counsel for Mr. Neal has argued both in the trial court and on appeal that the case of Gantt v. Boone, Wellford, Clark, Langschmidt & Pemberton, 559 F.Supp. 1219 (M.D.La.1983), is more like the instant case than Bancroft and that Gantt supports the requested instruction. We do not agree. Mr. King in the instant case, like the taxpayer in Bancroft, was "a mere layman in the field of tax law, [and] sought advice from [an expert]." 203 F.Supp. at 55. Also in the instant case, like the Bancroft case, "[d]ue to an error by the [expert], [the taxpayer] was subjected to the additional tax." Id. In the Gantt case, the expert was not liable for additional taxes because "[n]o tax advice was sought from [the defendant accountant]." 559 F.Supp. at 1229.
¶ 8 We further note that counsel for Mr. Neal did not submit a specific instruction concerning the measure of damages other than the requested (and rejected) instruction for the jury not to consider any additional taxes as damages. We also observe that the trial court did not give a specific instruction on the measure of damages and counsel for Mr. Neal did not object to this omission.
¶ 9 The jury was left to determine damages from general directions in several different instructions. Instruction No. 7 stated: "A party claiming damages has the burden of proving ... that they have sustained injury." (Emphasis added.) Instruction No. 8 stated that "it is necessary that some injury to a person or to the property of a person in Plaintiff's situation must have been a reasonably foreseeable result of negligence." (Emphasis added.) Instruction No. 13 advised the jury of the distinction between "actual damages" and "punitive damages" and that "[i]n no event should the punitive damages exceed the amount of actual damages awarded." Instruction No. 15 gave the jury directions for using the Blue Verdict Form that specifically provided "the Kings are entitled to recover the full amount of any damages which you may find Plaintiff has sustained as a result of the occurrence." (Emphasis added.) Instruction No. 17 gave the jury the directions for using the White *902 Verdict Form for comparative negligence if "the percentage of negligence of Plaintiff is equal to or smaller than the one you insert as the percentage of negligence of Defendant," and told the jury to enter "the total amount of damages which you find were sustained by Plaintiff" in such case. (Emphasis added.)
¶ 10 Under these general directions concerning damages, the jury could reasonably conclude that the additional taxes assessed after the audit did cause "injury . . . to the property of a person in Plaintiff's situation [that was] a reasonably foreseeable result of negligence" and that they had a sufficiently adverse impact to be included in the "full" or "total" amount of damages. Significantly, the Kings testified that the timing of the additional taxes, interest, and penalties produced an added financial burden that contributed to their filing bankruptcy. By statute, the measure of damages for a tort, such as negligence, is "the amount which will compensate for all detriment proximately caused... whether it could have been anticipated or not." 23 O.S.1991 § 61. (Emphasis added.)
¶ 11 When considering the propriety of instructions on appeal, the appellate court is required to consider the instructions as a whole. Dutsch v. Sea Ray Boats, Inc., 1992 OK 155, ¶ 7, 845 P.2d 187, 189 (citation omitted). The instructions need not be "ideal" but must reflect Oklahoma law regarding the subject at issue. Id. The "salient test" for error in instructions is whether, by submission or omission of an instruction, the jurors were probably misled regarding the legal standards they should apply to the evidence. Myers v. Maxey, 1995 OK CIV APP 148, ¶ 18, 915 P.2d 940, 947 (citing Missouri-Kansas-Texas R.R. Co. v. Jones, 1960 OK 40, ¶ 14, 354 P.2d 415, 422, and Chimney Rock Ltd. Partnership v. Hongkong Bank of Canada, 1993 OK CIV APP 94, ¶ 8, 857 P.2d 84, 87). "Before the court will reverse a judgment based on the verdict of a jury because of the giving or refusal to give instructions, it must clearly appear that the instructions given or refused have caused a miscarriage of justice." Larkins-Warr Trust v. Watchorn Petroleum Co., 1946 OK 84, ¶ 0, 198 Okla. 12, 174 P.2d 589 (syllabus 2); see also 12 O.S.1991 § 78; 20 O.S.1991 § 3001.1. "This question is to be determined as much by the evidence before the jury as by the abstract accuracy of the language used or refused." Id.
¶ 12 Having examined the instructions as a whole, we hold that (1) the trial court did not err in rejecting Mr. Neal's proposed instruction, and (2) the jurors were not misled regarding the legal standards they should apply to the evidence, even in the absence of an alternative specific instruction on the measure of damages. Under the facts of this case, the trial court properly allowed the jury to determine whether the additional taxes assessed after the audit caused injury in view of the Kings' situation and their complete reliance on Mr. Neal.
¶ 13 In addition, there is little doubt that the other items of damage claimed by the Kings and awarded by the jury, i.e., interest, penalties, fees for professional services and representation during the audit, and fees paid for the erroneous return, are recoverable damages. See generally Phillip E. Hassman, Annotation, Tax Preparer's Liability To Taxpayer In Connection With Preparation Of Tax Returns, 81 A.L.R.3d 1119 (1977). See also Wynn v. Estate of Holmes, 1991 OK CIV APP 78, 815 P.2d 1231 (upholding recovery of interest assessed on delinquent taxes that stemmed from an erroneous deduction); McCulloch v. Price Waterhouse LLP, 157 Or.App. 237, 971 P.2d 414 (1998) (recognizing recovery of interest for negligent preparation of tax return); and Slaughter v. Roddie, 249 So.2d 584, 47 A.L.R.3d 1281 (La.Ct.App.1971) (upholding recovery of interest, penalty, fee paid for the erroneous return, and expense for representation before the IRS).
¶ 14 We likewise conclude that the trial court did not commit reversible error in allowing specific evidence of another error that Mr. Neal admitted making on the Kings' 1988 tax return and for which he confessed liability. Mr. Neal sought to exclude such evidence by a motion in limine that his counsel presented to the court just prior to trial and in connection with his confession of liability for the 1988 error. In the motion in limine, counsel for Mr. Neal sought to exclude *903 "[a]ny and all evidence of or concerning the Defendant's preparation of the 1988 tax return." The motion contended that "the prejudicial impact of said issues significantly outweighs any probative value as stated in 12 O.S. 2403." At the hearing on the motion in limine, counsel further argued that evidence regarding the error "would be confusing to the jury and is remote in time." He also added "[i]t would not be germane to the issues concerning the preparing of the 1991 return."
¶ 15 The trial court ruled "that on admitted liability, it does not prevent the plaintiff from discussing those issues in terms of the incident [but] does prevent the damages, any damages [resulting from the admitted liability] going to the jury." In Instruction No. 9, the trial court ultimately instructed the jury without objection that Mr. Neal "admitted responsibility for the error occurring on the 1988 tax return ... and those damages are not an issue for you to determine."
¶ 16 In the brief-in-chief, counsel for Mr. Neal made specific complaint about only one instance at trial when evidence of the 1988 mistake was offered. The instance cited in the brief was the first instance when counsel for the Kings asked Mr. King about the mistake on the 1988 return and offered the 1988 return into evidence. The record reflects that counsel for Mr. Neal raised three "relevance" objections. The record further reflects that the trial court admitted the evidence over these objections but made it clear to the jury that the evidence was admitted for the limited purposes of "showing the mistake" and "a series of negligence," but not for purposes of damages. Again relying on 12 O.S.1991 2403, the brief-in-chief asserts that "the mistakes on the 1988 return concerned overpayment of taxes, and [were] totally unrelated to the errors on the 1991 return." The brief-in-chief propounds that "[t]he issues concerning 1988 and 1991 were totally unrelated, and introduction of said evidence was highly prejudicial to the defense, and strictly calculated to inflame the jury."
¶ 17 In rejecting this proposition, we agree that 12 O.S.1991 § 2403 does provide for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, ... or unfair and harmful surprise." However, a number of reasons lead us to conclude that the admission of the evidence did not confuse, mislead, or unfairly prejudice the jury.
¶ 18 Evidence of "other wrongs" is admissible when it is offered to prove something other than character. 12 O.S.1991 § 2404(B). The delineation of certain "other purposes" in § 2404(B) is not an exclusive list of the permissible uses of "other wrongs" evidence. The federal counterpart rule 404(b) has been interpreted to be a rule of inclusion, not exclusion. United States v. Street, 66 F.3d 969, 976 (8th Cir.1995).
¶ 19 In the instant case, the evidence of the admitted mistake on the 1988 tax return was allowed to show (1) the nature of the mistake and (2) a series of negligence, as opposed to an isolated instance of misjudgment. In admitting the evidence, the trial court made it clear it was limiting the evidence to these purposes.
¶ 20 Such evidence was clearly relevant in that the degree of care and skill that Mr. Neal exercised in providing services to the Kings over the years was a central issue in the case. Such evidence was not too remote from the 1991 return, because Mr. Neal also allegedly advised the Kings that legal fees from 1988 should not be deducted on the 1988 return and, instead, should be accumulated until the Bank of Tulsa dispute was concluded. In other words, the mistake on the 1988 return occurred in the same time frame as other negligence that directly effected the 1991 return.
¶ 21 More importantly, there is simply no indication that "unfair prejudice" resulted from the admission of evidence concerning the mistake on the 1988 tax return. We observe that the jury did not award punitive damages and even found that Mr. Neal was not totally responsible for the losses claimed by the Kings from the disallowance of the erroneous deductions.
¶ 22 The Evidence Code specifically provides that "[e]rror may not be predicated upon a ruling which admits . . . evidence unless a substantial right of a party is affected." 12 O.S.1991 § 2104(A). Statutory law also generally provides that "no judgment shall be reversed or affected by reason of *904 [any] error or defect [which does not affect the substantial rights of the adverse party]." 12 O.S.1991 § 78. It has long been recognized that where the appealing party "does not point out wherein he was prejudiced by the testimony [admitted over his objection,] the error, if any, was harmless." In re Wilkins Estate, 1947 OK 234, ¶ 7, 199 Okla. 249, 185 P.2d 213, 215 (citation omitted). Mr. Neal's brief-in-chief did not point out wherein he was prejudiced and, as noted, we have independently found no prejudice.
¶ 23 Based on the foregoing, we reject Mr. Neal's assignments of error and affirm the judgment entered on the jury verdict in favor of Jackie and Robin King.
¶ 24 AFFIRMED.
GOODMAN, C.J., and STUBBLEFIELD, J., concur.
NOTES
[1] We are cognizant that the case of Richard v. Staehle, 70 Ohio App.2d 93, 24 O.O.3d 121, 434 N.E.2d 1379, 1385 (1980), alludes to cases "wherein it is held that an attorney who prepares an incorrect tax return, resulting in a deficiency being assessed against his client, is not liable to the client for the amount of the deficiency, since it represents taxes which the client was obligated to pay in any event." After alluding to "such cases," the court proceeded to distinguish the case before them from "such cases." We do not regard the Richard case as even persuasive on the issue of a tax preparer's liability for additional taxes because the court did not cite any cases that establish the rule of non-liability which the court, in turn, concluded was not applicable to the case before it.