2001 OK 16

Mathew DOWLING, individually and as a Limited Partner in the Prado Verde Ranch Limited Partnership, Plaintiff–Appellee,

v.

PRADO VERDE RANCH, INC., a corporation, The Prado Verde Ranch Limited Partnership, and Jerome Willis, an individual, Defendants–Appellants.

No. 93,137.

Supreme Court of Oklahoma.

Feb. 13, 2001.

Elaine M. Dowling, Dowling and Dowling, Oklahoma City, OK, for Plaintiff–Appellee.

Martin Postic, Jr., Postic & Bates, P.C., Oklahoma City, OK, for Defendants–Appellants.

## OPINION

WATT, V.C.J.,

¶ 1 The sole issue before us is whether the Court of Civil Appeals holding that defendants, the two Prado Verde Ranch entities and Jerome Willis, had waived appellate review of three requested instructions relating to the statute of frauds because defendants had violated Rule 1.11(e)(1),[1] Oklahoma Supreme Court Rules, by failing to set out those instructions "in totidem verbis" in their brief? We hold that defendants did not waive appellate review of those instructions under the circumstances presented by this appeal.

¶ 2 The relevant facts are few. The trial court refused to give three instructions requested by defendants concerning the statute of frauds. Defendants included those requested instructions in their designation of record. Consequently all three instructions became part of the record on appeal. Rather that setting out those instructions in their brief or, as they would have been entitled to do, setting them out in an appendix, which may be a separate document under Rule 1.11(i)(1),[2]

defendants referred in their brief to the place where the instructions were to be found in the record on appeal. The defendants referred to the instructions in their brief as follows:

> . . . Appellant proposed three jury instructions which concisely set forth the Oklahoma law on the statute of frauds applicable to the facts presented. (*See*, pages 000330–000334 of Record.)

Appellant's Brief in Chief, p. 9. Nevertheless, the Court of Civil Appeals, relying on *Avard v. Leming*, 1994 OK 121 ¶ 16, 889 P.2d 262, 266, held, *sua sponte*, that defendants had

---

1. Rule 1.11(e)(1), Oklahoma Supreme Court Rules, provides in material part as follows:

   (e) Summary of the Record.

   (1) Appellate Briefs. The brief of the moving party shall contain a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. Facts stated in the Summary of the Record must be supported by citation to the record where such facts occur. If the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's brief shall contain a Summary of the Record correcting any such inaccuracies with citation to the record.

   Where a party complains of the admission or rejection of testimony, that party shall set out the testimony to the admission or rejection of which the party complains, stating specifically the objections thereto. *Where a party complains of an instruction given or refused, the party shall set out in totidem verbis* the instruction or the portion thereof objected to together with the objection thereto.

   *When it is necessary to set out instructions or requested instructions in totidem verbis as provided by this Rule, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i).* A party need not include in the Summary of the Record all of the evidence in support of a claim that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in that party's brief or appendix so much of the evidence claimed to have had that effect.

   . . .

   [Emphasis added.]

2. Rule 1.11(i)(1) provides:

   (i) Appendix to Brief.

   (1) Appeals. An Appendix to a brief shall not be filed except as permitted by this Rule. *An Appendix to a brief may be filed as an attachment to the brief or as a separate document. An Appendix to a brief on appeal may include only:* (1) a copy of the decision from which the appeal is taken; (2) copies of authorities not contained in the National Reporter System; (3) copies of statutes or rules not promulgated in Oklahoma; (4) attachments provided by Rule 1.11(e)(1) relating to complaints about admission or exclusion or insufficiency of evidence; and *(5) attachments provided by Rule 1.11(e)(1) relating to complaints about jury instructions.*

   [Emphasis added.]

violated Rule 1.11(e)(1) and had "waived any issue related to the proffered jury instructions."

## DISCUSSION

■ ¶ 3 We grant certiorari in this matter in order to reexamine and clarify our jurisprudence as to what is required to preserve an error concerning instructions and to amend Supreme Court Rule 1.11(e). We do so because of the revolutionary changes that have taken place in the manner in which records on appeal and briefs are prepared since what is now Rule 1.11(e), Oklahoma Supreme Court Rules, was adopted.

¶ 4 The portion of Rule 1.11 that requires instructions that are raised as error to be set out in the brief in "totidem verbis" was originally passed by this Court as Rule XXV, Court Rules, Supreme court of Oklahoma, 20 Okla. xii, 95 P. viii (1908).[3] [Emphasis added.] With respect to instructions, that rule read, "Also where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portions to which he objects or may save exceptions." Much has changed in the manner in which the record on appeal is presented to this Court since 1908.

¶ 5 The advent of the modern copy machine encouraged Oklahoma, as well as most other jurisdictions, to liberalize the manner in which the record on appeal was prepared. Now, under 12 O.S. Supp.1997 § 990A(C),

> The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal:
>
> . . .
>
> 2. The procedure to be followed by the trial courts or tribunals in the preparation and authentication of transcripts and records in cases appealed under this act . . .

Rule 1.28(b), Oklahoma Supreme Court Rules, provides that a party shall designate a document to be included in the record simply by circling the description of the document specified on the docket sheet. Rule 1.34 requires that the record be ready for transmission to the court within no more that six months after the date of the judgment or order appealed from. This Court's policy is to routinely order the record on appeal to be delivered to the Clerk of the Appellate Courts immediately after it receives notification from the district court clerk that the record on appeal has been completed and the briefing cycle is complete.

---

**3.** The full text of Rule XXV, Court Rules, Supreme Court of Oklahoma (1908) is as follows:

The brief of the plaintiff in error in all cases except felonies shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. If the defendant in error or appellee shall claim that such abstract is incomplete for the purpose stated, his brief shall contain a counter abstract correcting any such omissions or inaccuracies. Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto. *Also where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portions to which he objects or may save exceptions.* A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain

fact, but when such a question is presented the adverse party shall print so much of the evidence as he claims to have that effect. The abstract shall state only the substance of those parts of the record the bearing of which upon the case can be clearly shown in this manner; such as are purely formal or otherwise immaterial shall be omitted altogether, but quotations must be made with verbal accuracy whenever the decision of any question in controversy may be affected thereby. Abstracts shall be indexed and shall refer to the pages of the record.

The brief shall contain the specifications of the errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order. The brief of the appellee or defendant in error shall also be printed when so required of the plaintiff in error, and contain, with pertinent reference to the pages of the abstract, any points challenging the right of plaintiff in error to be heard; a full statement of any additional facts shown by the abstract and deemed essential; citation of authorities and discussion of alleged errors, in the same order as in the brief of the plaintiff in error: Provided, that this rule as to abstracts being contained in the briefs shall not apply to felony cases.

¶ 6 The effect of these modern procedures concerning the preparation and filing of the record on appeal has been that all of the relevant documents from the trial court in the form of a bound, indexed record on appeal are in the custody of the Clerk of the Appellate Courts immediately after they are completed and that the clerk delivers them with the briefs of the parties to the appropriate court when the time comes to consider the merits of the appeal. Thus, the record on appeal is as available to the judge or justice to whom a case is assigned for the purpose of preparing an opinion as are the briefs of the parties.

¶ 7 Under these circumstances, we see no significant difference between a reference to an instruction in a brief to the record on appeal than to such a reference to a separate appendix to the brief, as is authorized by Rule 1.11(i). Our opinion in *Avard v. Leming,* 1994 OK 121, 889 P.2d 262, which the Court of Civil Appeals relied on to reach its conclusion that appellants had waived any right to complain about the instructions, is thus distinguishable. In *Avard,* the appellant failed to insure that the instructions upon which she based her claim of reversible error were made a part of the record. Here, by contrast, appellants not only made sure that the requested instructions upon which they relied were included in the record but also included in their brief a citation to the specific pages in the record where those instructions could be found.

■ ¶ 8 We have concluded that the *in totidem verbis* requirement provided for in Rule 1.11(e) no longer meets the needs of the Court because of the substantial changes that have taken place in the way the record on appeal is prepared and made available to the Court by modern statutes and rules. Consequently, under the jurisdiction vested in us by Okla. Const., Art. 7 § 5, effective thirty days after final publication in the Oklahoma Bar Journal Oklahoma Supreme Court Rule 1.11(e)(1) shall provide:

(e) Summary of the Record.

(1) Appellate Briefs. The brief of the moving party shall contain a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. Facts stated in the Summary of the Record must be supported by citation to the record where such facts occur. If the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's brief shall contain a Summary of the Record correcting any such inaccuracies with citation to the record.

Where a party complains of the admission or rejection of testimony, that party shall set out the testimony to the admission or rejection of which the party complains, stating specifically the objections thereto. Where a party complains of an instruction given or refused, the party shall cite to the place in the record on appeal where said instruction may be found, together with the objection thereto.

When a party desires to set out instructions or requested instructions, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i). A party need not include in the Summary of the Record all of the evidence in support of a claim that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in that party's brief or appendix so much of the evidence claimed to have had that effect. The Summary of the Record need include only a general statement of the substance of those parts of the record over which there is no controversy and which are not required to be shown in detail in order to present the issues to this Court, and such parts of the record as are purely formal and immaterial to the consideration of any issue presented to this Court may be omitted therefrom.

This rule shall have retroactive application.

¶ 9 We remand this appeal to the Court of Civil Appeals for reconsideration in light of

this opinion. We express no opinion on the merits of Appellants' argument that the trial court's failure to give their requested instructions constitutes reversible error.

CERTIORARI GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, AND APPEAL REMANDED TO THE COURT OF CIVIL APPEALS FOR FURTHER CONSIDERATION.

¶ 10 HARGRAVE, C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ.-concur.

¶ 11 SUMMERS, J.—not participating.