2003 OK 91

**Trent BRENNEN and Patty Brennen, Plaintiffs/Appellees,**

v.

**Travis W. ASTON, Jr., Defendant/Appellant.**

No. 97,056.

Supreme Court of Oklahoma.

Oct. 28, 2003.

H. Gregory Maddux, Tulsa, OK, for Plaintiffs/Appellees.

Mark A. Warman, Tulsa, OK, for Defendant/Appellant.

BOUDREAU, J.

¶1 Trent and Patty Brennen (Plaintiffs/Appellees) purchased a 1998 Dodge quad cab truck for $35,000. Trent Brennen (Brennen) described the truck as "flawless" before January 1999, when Travis Aston (Defendant) and the Brennens were involved in a car accident, damaging the Brennens' truck. The passenger side of the Brennens' truck, including the fenders, doors and a wheel had to be replaced. Brennen brought suit against Aston for property damages, claiming his vehicle had depreciated in value even after it had been fully repaired.[1]

¶2 At trial, an expert on behalf of Brennen testified that after repairs to the truck in the amount of $8,000, the value of the truck was $3,500 less than its value prior to the accident.[2] The expert witness valued the truck before the accident at $32,000 and $28,500 after the collision and repairs. The expert testified that the depreciation in value was unconnected with the quality of the repair, which he testified to be excellent, but rather was caused by the nature and extent of the damage sustained by the vehicle.

¶3 During the trial, Aston objected to Brennen presenting any evidence relating to the issue of whether his vehicle had depreciated in value after it had been repaired. He argued that diminution in value is not a proper element of damages when a vehicle is repairable, citing *City of Oklahoma City v. Wilcoxson*, 1935 OK 767, 48 P.2d 1039, 1042 and also *Coe v. Esau*, 1963 OK 1, 377 P.2d 815, 820. Aston also demurred to Brennen's claim for depreciation at the conclusion of the evidence, as well as a motion for directed verdict on the issue. The trial court overruled all objections and motions brought by Aston on the issue.

¶4 In instructing the jury, the trial court provided the jury with Oklahoma Uniform Jury Instruction 4.14.[3] OUJI 4.14 provides:

If you decide for [Plaintiff] on the question of liability, you must then determine the amount of money that will reasonably and fairly compensate him for the injury to the [insert description of property]. That amount is:

---

1. Although Trent and Patty Brennen claimed to have suffered personal injuries, this appeal concerns only the post-repair depreciation of their truck.

2. Payment of the $8,000 in repairs is not at issue in this suit.

3. Instruction number 11, which incorporates OUJI 4.14, does not appear in the record on appeal. Rule 1.11(e)(1) of the Rules of the Supreme Court, 12 O.S.2001, ch. 15, App. 1, provides in part that "[w]here a party complains of an instruction given or refused, the party shall set out in totidem verbis the instruction or the portion thereof objected to together with the objection thereto." The party complaining of the instruction "may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i)." 12 O.S.2001, ch. 15, App.1, Okla.Sup. Ct.R. 1.11(e)(1). In *Dowling v. Prado Verde Ranch, Inc.*, 2001 OK 16,¶8, 47 P.3d 458, 461, we discarded the in totidem verbis requirement and modified Rule 1.11(e)(1) to allow a party to "cite to the place in the record on appeal where said instruction may be found, together with the objection to."

Although instruction 11 is not included in the record, Brennen conceded in his petition for certiorari that "the trial court, over Aston's objection, gave instruction number 4.14 of the Oklahoma Uniform Jury Instructions—Civil." He made an almost identical concession in his answer brief. Oklahoma case law has long allowed admissions in the brief to be regarded as a supplement to the appellate record. *See Davis v. CMS Continental Natural Gas, Inc.*, 2001 OK 33, ¶3, 23 P.3d 288, 290 (plaintiff confessed he had no evidence of wilful and wanton conduct evincing defendant's reckless regard for employee's safety); *Oklahoma City Urban Renewal Auth. v. Medical Technology & Research Auth. of Oklahoma*, 2000 OK 23, 4 P.3d 677, 684 n. 24 (treasurer and School District confessed they were not attacking the constitutionality of tax increment financing per se); *Wright v. Grove Sun Newspaper Co., Inc.*, 1994 OK 37, 873 P.2d 983, 985 n. 3 (party conceded article in newspaper contained verbatim transcript of conversation between two narcotics agents); *Kwikset/Emhart v. Mayberry*, 1990 OK 112, 800 P.2d 239, 240 n. 1 (plaintiff stated that the three-judge review panel did not have before it a transcript of the evidentiary hearing in a workers' compensation case).

1. *The reasonable cost of repairing the [insert description of property], plus depreciation, if any, to the [insert description of property].* "Depreciation" means the difference between the market value of the property immediately before being injured and its market value after repairs have been or would be made.

2. The reasonable cost of renting a similar [insert description of property] during the time reasonably required to make the necessary repairs of the injury caused by [Defendant].

(emphasis added).

¶5  After deliberating, the jury awarded Brennen $1750 for depreciation to his truck.[4] The trial court also awarded Brennen attorney fees and costs. Aston appealed, arguing that when a vehicle has been damaged and fully repaired depreciation is not a proper element of damages. The Court of Civil Appeals agreed with Aston and reversed Brennen's award for the post-repair diminution in value of his truck. In its opinion, the Court of Civil Appeals stated:

> To the extent that Instruction No. 4.14 permits recovery of damages for the post-repair depreciation value of a damaged vehicle, Instruction No. 4.14 does not accurately state the law of Oklahoma.

¶6  This Court granted certiorari to decide the first impression issue of whether OUJI instruction 4.14 correctly states the law when it instructs that a vehicle owner can recover damages for post-repair depreciation.

### I.  Standard of Review

¶7  The issue in controversy, whether Oklahoma law permits recovery for post-repair depreciation of chattel property, presents a question of law. Questions of law stand before the appellate court for *de novo* review. *Fraternal Order of Police Lodge 108 v. City of Ardmore,* 2002 OK 19, 44 P.3d 569, 571; *Jackson v. Jackson,* 2002 OK 25, 45 P.3d 418, 422. In reexamining the legal rulings of the trial court, the appellate court exercises plenary, independent and non-def-

erential authority. *Fraternal Order of Police Lodge 108 v. City of Ardmore,* 44 P.3d at 571.

### II.  Damages

¶8 Oklahoma law generally provides that an injured party is to be compensated for "all" detriment proximately caused by the negligence of another. 23 O.S.2001, § 61. Stated otherwise, an injured party is to be placed in as near a position as possible to that which he would have been, but for the negligence of the other party. *See King v. Neal,* 2001 OK CIV APP 11, 19 P.3d 899, 902 ("By statute, the measure of damages for a tort, such as negligence, 'is the amount which will compensate for *all* detriment proximately caused ... whether it could have been anticipated or not.'") (emphasis in original); *see also Sun Ridge Investors, Ltd. v. Parker,* 1998 OK 22, 956 P.2d 876, 878 (Damages in a contract action are designed to place aggrieved party in position he would have occupied had the breach not occurred).

¶9 The rule in Oklahoma relative to the measure of damages for injury to personal property, which has been partially damaged by the negligence of another, can be stated as follows: where the injury is susceptible to repair at reasonable expense, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. *Coe v. Esau,* 377 P.2d at 820; *Chambers v. Cunningham,* 153 Okla. 129, 1931 OK 732, 5 P.2d 378, 379–80; *Allied Hotels, Ltd. v. Barden,* 1964 OK 16, 389 P.2d 968, 972; *Marland Refining Co. v. Duffy,* 94 Okla. 16, 1923 OK 1039, 220 P. 846, 851; *Carnes v. Ditzenberger,* 163 Okla. 146, 1933 OK 249, 21 P.2d 756, 758; *Weleetka Light and Water Co. v. Northrop,* 42 Okla. 561, 1914 OK 245, 140 P. 1140, 1141. Although the rule is a long-standing one, none of the cases identifying the rule have specifically addressed the issue of whether damages are *limited* to the cost of repairs actually made when it is shown that the property is worth less after it is repaired than before the injury.

---

4.  In its verdict, the jury also awarded Patty Brennen $344.02 for her personal injuries and found that Trent Brennen suffered no personal injuries.

¶ 10 While this Court has not specifically addressed the issue of whether a vehicle owner can recover damages for post-repair depreciation, almost all jurisdictions which have examined the issue allow recovery for the cost of repairs made plus the diminution in value of the personal property upon a proper showing. *See Halferty v. Hawkeye Dodge, Inc.,* 158 N.W.2d 750, 753–54 (Iowa 1968) (If the value of the repaired or restored property is less than the value of the property before the injury, such difference in value is also allowed in addition to the cost of repair or restoration); *Hawkeye Motors, Inc. v. McDowell,* 541 N.W.2d 914, 917 (Iowa App.1995); *Thomas v. Global Boat Builders & Repairmen, Inc.,* 482 So.2d 1112, 1115 (Miss.1986) (Post-repair diminution was allowed as damages but, case called into doubt regarding issue of whether an owner could testify to the post-repair value of his property, without additional evidence of diminution in value); *Newman v. Brown,* 228 S.C. 472, 90 S.E.2d 649, 652 (1955) (The damages are not limited to the cost of repairs actually made where it is shown that they did not put the property in as good a condition as it was before the injury); *Averett v. Shircliff,* 218 Va. 202, 237 S.E.2d 92, 93 n. 1 (1977) (Most jurisdictions have held that where an automobile has been damaged but not totally destroyed the measure of damages is the cost of repairs plus any amount of depreciation in value of the vehicle as repaired.); *Ellis v. King,* 184 W.Va. 227, 400 S.E.2d 235, 236 (1990) (If, after repair, the damaged vehicle cannot be returned to its condition prior to the accident, we believe that damages for diminution in value are recoverable); *Meredith GMC, Inc. v. Garner,* 78 Wyo. 396, 328 P.2d 371, 374 (1958); *Broadie v. Randall,* 114 Kan. 92, 216 P. 1103, 1104 (Kan.1923).

¶ 11 Further, the American Law Institute has adopted the "cost of repair plus remaining depreciation" measure of recovery for damages to personal property. The Restatement of Torts, 2d Ed., § 928, states:

When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm ·and the value after the harm or, at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs. . . .

¶ 12 In sum, the overwhelming weight of legal authority supports the rule that damages are not limited· to the cost of repairs actually made where it is shown that repairs failed to bring the property up to the condition it was in prior to the damage. In such cases, the cost of repairs made plus the diminution in value of the property will ordinarily be the proper measure of damages. Insofar as OUJI instruction 4.14 permits recovery of damages for the post-repair depreciation in value of a damaged item of personal property, it correctly states the law of Oklahoma.

¶ 13 **CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.**

WATT, C.J., OPALA, V.C.J., and HODGES, LAVENDER, HARGRAVE, and WINCHESTER, JJ., concur.

KAUGER, J., concurs in part and dissents in part by separate writing.

SUMMERS, J., disqualified.

KAUGER, J. concurring in part and dissenting in part:

¶ 1 I agree with the majority that Oklahoma law permits recovery for post-repair depreciation in value and that Oklahoma Uniform Jury Instruction 4.14[1] correctly states

---

**1.** Instruction No. 4.14, Oklahoma Uniform Jury Instructions, providing:
"If you decide for [Plaintiff] on the question of liability, you must then determine the amount of money that will reasonably and fairly compensate him for the injury to the [insert description of property]. That amount is:

1. The reasonable cost of repairing the [insert description· of the property], plus depreciation, if any, to the [insert description of the property]. 'Depreciation' means the difference between the market value of the property immediately before being injured and its market

the law insofar as it permits an award for post-repair depreciation of damaged property. Nevertheless, I dissent in part. In reaching the determinative issue, the majority ignores both precedent[2] and court rule[3] concerning the manner in which a party must present a contested jury instruction for consideration on appeal.

¶2 This Court is bound by the record presented on appeal.[4] We cannot assume, simply because the parties indicate that some document exists or a certain instruction was given, that the challenged instruction was before the trial court. In an appeal, a document not appearing of record will not be presumed to exist.[5] Rather, we treat the document or instrument as nonexistent.[6] This Court simply may not consider as a part of an appellate record any instrument or material which has not been incorporated into the assembled record by the certificate of the clerk of the trial court.[7] The duty to incorporate all materials necessary to secure corrective relief is cast by law on the party seeking the Court's aid.[8]

¶3 In *Wofford v. Mental Health Serv., Inc.*, 1997 OK 116, ¶10, 946 P.2d 1149, this Court stated that an attempt to supplement the record with a proposed instruction did not fall within the category of well circumscribed exceptions allowing review to extend beyond the record certified. Footnote No. 4 provides:

"The plaintiff attempts to supplement the record on appeal by attaching the proposed instructions to her brief. Except for well circumscribed exceptions, review is confined to the record presented to the appellate court. *Lawrence v. Cleveland County Home Loan Auth.*, 626 P.2d 314, 315, 1981 OK 28. The plaintiff has not shown that the attachments to the brief fit within any exception to this general rule."

The parties addressing of the contested instruction here does not fall into one of the narrow exceptions where supplementation is allowed by party admission.[9] As the *Wofford* Court stated, when a contested or requested instruction is not included in the record on appeal, we have no means of knowing whether it was a correct statement of the law on the issues or even addressed the issue pre-

---

value after repairs have been or would be made.
2. The reasonable cost of renting a similar [insert description of the property] during the time reasonably required to make the necessary repairs of the injury caused by [Defendant]."

2. *Dowling v. Prado Verde Ranch, Inc.*, 2001 OK 16, ¶8, 47 P.3d 458 [Court rejected "in totidem verbis" requirement in favor of requirement that a party complaining of an instruction given or refused shall cite to the place in the record on appeal where said instruction may be found, together with the objection thereto and setting forth a proposed rule to allow for the instruction to be set out in the brief's summary of the record or in the appendix to the brief.]; *Avard v. Leming*, 1994 OK 121, ¶16, 889 P.2d 262 [Failure to strictly comply with rules requiring that instructions be set out in the brief in chief or in an appendix resulted in waiving all errors in giving or refusing to give instructions.].

3. Rule 1.11(e)(1), Supreme Court Rules, 12 O.S. 2001, Ch. 15, App. 1, providing in pertinent part:
"... Where a party complains of an instruction given or refused, the party shall set out in totidem verbis the instruction or the portion thereof objected to together with the objection thereto.

When it is necessary to set out instructions or requested instructions in totidem verbis as provided by this Rule, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i). ..."

4. *Adams v. Unterkircher*, 1985 OK 96, ¶2, 714 P.2d 193; *McGhee v. McAllister*, 1970 OK 152, ¶5, 474 P.2d 940; *Marathon Ins. Co. v. Arnold*, 1967 OK 192, ¶10, 433 P.2d 927; *Akers v. Hintergardt*, 1949 OK 44, ¶7, 203 P.2d 883.

5. *In re McGannon's Estate*, 1915 OK 492, ¶1, 150 P. 1109 [Opinion on rehearing.].

6. *Id.*

7. *Frey v. Independence Fire & Cas. Co.*, 1985 OK 25, ¶7, 698 P.2d 17; *Eckel v. Adair*, 1984 OK 86, ¶9, 698 P.2d 921.

8. *Halliburton Oil Producing Co. v. Grothaus*, 1998 OK 110, ¶11, 981 P.2d 1244; *Davidson v. Gregory*, 1989 OK 87, ¶8, 780 P.2d 679.

9. *Halliburton Oil Producing Co. v. Grothaus*, see note 8, supra; *Wofford v. Mental Health Serv., Inc.*, 1997 OK 116, ¶10, 946 P.2d 1149.

sented.[10]

¶ 4 In February of 2001, we decided *Dowling v. Prado Verde Ranch, Inc.*, 2001 OK 16, 47 P.3d 458. In *Dowling*, we considered the rule imposing the "in totidem verbis" requirement governing preservation of errors concerning instructions. Finding the practice out-of-step with modern-day technology and the needs of the Court, we revised Rule 1.11(e)(1),[11] allowing a party complaining of an instruction to preserve the objection by citing to the place in the record on appeal where the instruction was found. Where a party deemed it necessary to set out a contested instruction, the party would be allowed to set it forth in the brief's summary of the record or in an appendix to the brief. The revised rule was to become effective thirty days after its final publication in the Oklahoma Bar Journal.

¶ 5 In *Dowling*, the challenged instructions were included in the record and the briefs contained references to the specific record pages where the instructions could be found.

In adopting the revised rule for the presentation of objections to instructions, the Court considered a prior case, *Avard v. Leming*, 1994 OK 121, 889 P.2d 262. The *Avard* case was found to be completely distinguishable from the way the instructions were to be handled under the new rule or how the parties in *Dowling* had presented their objections. In *Avard*, just as is the circumstance here, the instructions were not made a part of the record. In contrast, in *Dowling*, the requested instructions were included in the record along with a citation to the specific record pages. *Dowling* did not overrule *Avard*. Rather, *Avard* was presented by the *Dowling* Court as an example demonstrating that a complete lack of evidence on instructions given or refused would not garner appellate review.

¶ 6 *Dowling* set forth a proposed rule to be effective thirty days following its final publication in the Oklahoma Bar Journal. The proposed rule was not forwarded to the Okla-

10. *Wofford v. Mental Health Serv., Inc.*, see note 9 at ¶ 16, supra. When *Wofford* was decided, attaching the contested instruction to a party's brief was insufficient to bring the instruction before the Court for consideration on appeal. Although Rule 1.11(e), Rules of the Supreme Court, 12 O.S.2001, Ch. 15, App. 1, see note 3, supra, now allows for the inclusion of a contested instruction in a brief, *Wofford* continues to stand for the proposition that this Court will not consider an issue related to instructions not supported by inclusion of the necessary materials in the record certified.

11. *Dowling v. Prado Verde Ranch, Inc.*, see note 2, supra, providing in pertinent part:
"... Consequently, under the jurisdiction vested in us by Okla. Const., Art. 7 § 5, effective thirty days after final publication in the Oklahoma Bar Journal Oklahoma Supreme Court Rule 1.11(e)(1) shall provide:
(e) Summary of the Record.
(1) Appellate Briefs. The brief of the moving party shall contain a Summary of the Record, setting forth the material parts of the pleadings, proceedings, facts and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this Court for decision. Facts stated in the Summary of the Record must be supported by citation to the record where such facts occur. If the answering party shall contend that such Summary of the Record is incorrect or incomplete, that party's brief shall contain a Summary of the Record correcting

any such inaccuracies with citation to the record.
Where a party complains of the admission or rejection of testimony, that party shall set out the testimony to the admission or rejection of which the party complains, stating specifically the objections thereto. Where a party complains of an instruction given or refused, the party shall cite to the place in the record on appeal where said instruction may be found, together with the objections thereto.
When a party desires to set out instructions or requested instructions, or if it is necessary to set out admitted or rejected testimony, the party may set forth such material in either the Summary of the Record in the brief or in an appendix to the brief as described in Rule 1.11(i). A party need not include in the Summary of the Record all of the evidence in support of a claim that the record does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall include in that party's brief or appendix so much of the evidence claimed to have had that effect.
The Summary of the Record need include only a general statement of the substance of those parts of the record over which there is no controversy and which are not required to be shown in detail in order to present the issues to this Court, and such parts of the record as are purely formal and immaterial to the consideration of any issue presented to this Court may be omitted therefrom. This rule shall have retroactive application...."

homa Bar Journal for publication following *Dowling's* adoption and has not been incorporated into the published rules of this Court.[12] Therefore, the parties are governed by Rule 1.11(e), Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1,[13] last amended effective July 1, 1997. The 1997 version of the rule specifically requires that when a party objects to a given instruction, the instruction shall be set out in totidem verbis or the portion of the instruction deemed objectionable. The rule allows for the instruction to be presented either in the brief's summary of the record or in an appendix to the brief. The instruction here is not set out in totidem verbis, nor is the objectionable portion of the instruction quoted. It is not found in the brief or in any appendix thereto. The challenge simply does not meet the requirements of the rule for appellate consideration.

¶ 7 Even if the Court were willing to apply the rule adopted in *Dowling*, allowing for a citation to the record where the objectionable instruction is located, the issue would remain beyond our cognizance. Not only is there no citation to the instruction's record page, the instruction does not appear in the record or in any pleading filed with this Court. Simply put, the issue of the challenged instruction is not properly before us.

¶ 8 Although I would not return to 1908,[14] when our rules required that a contested instruction be set out in its totality in the brief, I would not go so far as to address objections to an instruction which is not contained in the parties' briefs, in an appendix or in the record presented to this Court. By so doing, the majority essentially renders an advisory opinion—a practice we have long decried as inappropriate.[15] Furthermore, in deciding the instruction issue, the majority ignores precedent[16] and court rule[17] con-

cerning the manner in which a contestant must present a contested jury instruction for consideration on appeal. Because I am unwilling to take this leap of faith and consider an issue without support in either the briefs or the record, I dissent in part.

*Shawnee v. Taylor*, 1943 OK 11, ¶ 4, 132 P.2d 950; *Shinn v. Oklahoma City*, 1939 OK 29, ¶ 3, 87 P.2d 136. See also, *Satellite Sys., Inc. v. Birch Telecom of Oklahoma, Inc.*, 2002 OK 61, ¶ 5, 51 P.3d 585 [Boudreau, J., concurring in result.].

---

12. Having discovered the omission, the Court has now forwarded the revised rule for official publication in the Oklahoma Bar Journal.

13. Rule 1.11(e), Supreme Court Rules, 12 O.S. 2001, Ch. 15, App. 1, see note 3, supra.

14. Rule XXV, Court Rules, Supreme Court of Oklahoma, 20 Okla. Xxi, 95 P. viii (1908).

15. *Dank v. Benson*, 2000 OK 40, ¶ 7, 5 P.3d 1088; *Ethics Comm'n v. Keating*, 1998 OK 36, ¶ 28, 958 P.2d 1250; *Application of Fun Country Develop. Auth.*, 1977 OK 138, ¶ 3, 566 P.2d 1167; *City of*

16. *Dowling v. Prado Verde Ranch, Inc.*, see note 2, supra; *Avard v. Leming*, see note 2, supra.

17. Rule 1.11(e)(1), Supreme Court Rules, 12 O.S. 2001, Ch. 15, App. 1, see note 3, supra.