2002 OK CIV APP 55

**Kerry HARTLEY, Plaintiff/Appellant,**

v.

**William A. HERNDON, Defendant/Appellee.**

**No. 95,739.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 11, 2002.

Rehearing Denied Feb. 15, 2002.

Certiorari Denied April 16, 2002.

---

Steven R. Hickman, Frasier, Frasier & Hickman, Tulsa, OK, for Plaintiff/Appellant.

Benjamin J. Butts, Jason A. Ryan, Short, Wiggins, Margo & Butts, Oklahoma City, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Kerry Hartley sued his physician, William A. Herndon, for medical malpractice. After trial, the jury rendered a verdict in favor of Dr. Herndon. Hartley claims the trial court erred in failing to direct verdict in his favor on the issue of liability. He also contends that the trial court erred when it declined one of Hartley's proposed instructions. Both allegations of error relate to Hartley's position that the questions were governed by the holdings in *Franklin v. Toal*, 2000 OK 79, 19 P.3d 834. We find no error and therefore affirm the judgment entered on jury verdict.

¶ 2 During the eight and one-half hour difficult surgery to repair Hartley's back, somewhere between 75 and 100 sponges were used. Dr. Herndon was the surgeon who placed the sponges and also removed the sponges. The nurse counted the sponges. Before closing the wound, the doctor inquired and was told that the sponges had been accounted. However, the nurse had miscounted and one sponge remained in Hartley. After discovery during a post-operation x-ray, Dr. Herndon informed Hartley of the remaining sponge and performed a second surgery to remove the sponge. The back surgery was successful as was the sponge-removal surgery.

¶ 3 *Franklin* concerned a surgeon who forgot to remove a phrenic nerve pad which had been placed under his heart patient's heart during surgery. This pad was not an item which was on the assisting nurse's count list. It was over seven inches wide and white. It did not absorb blood. The Supreme Court held that the only reasonable inference to be drawn from the evidence was that Dr. Toal fell below the standard of ordinary care a physician must exercise. The *Franklin* case does not change the long-held duty of care a doctor owes a patient—ordinary care in the delivery of professional services. *Id.* 2000 OK 79 at ¶ 14, 19 P.3d at 837. Further, the *Franklin* court stated: "We emphasize that the standard of care for medical providers for failing to remove foreign objects from a surgical opening remains ordinary care, not strict liability." *Id.* 2000 OK at ¶ 16, 19 P.3d at 838.

¶ 4 With respect to his proposition that a verdict should have been directed in his favor on the issue of liability, we note that Hartley misapprehends the significance of the "factors" or "criteria" listed in *Franklin.* The factors were no more than facts established in that case. They were not the elements of negligence, nor did they modify the standard of care required.[1] It is significant that the phrenic nerve pad was fairly large, a color different from blood, not on the count list, that the doctor forgot to remove it, and that the doctor admitted it was his duty to remove the pad and there was no excuse for failing to remove it. Perhaps the most significant factor is that the pad was not on the Hospital's count list which meant that it was

1.   "At the time of Ms. Franklin's surgery, Dr. Toal had performed approximately 1,800 surgeries using a phrenic nerve pad. Until Ms. Franklin's surgery, he had never failed to remove the pad before closing. He admitted that the pad had not always been visible in the previous surgeries; nonetheless, he had always removed the pad. He also admitted: (1) he had a duty to remove the pad, (2) he had control of the pad, (3) only the surgeon removes the pad, (4) the retention of the pad was not a normal surgical risk, (5) he forgot to remove the pad, (6) there was no medical reason for leaving the pad, and (7) if he had remembered the pad, he would have removed." *Franklin*, 2000 OK ¶ 11, 19 P.3d at 837.

the doctor's sole responsibility to remember to remove the pad.

¶5 Those are not the facts in the case at bar, however. There were between 75 and 100 sponges used; they were blood-soaked and thus camouflaged in the body cavity. Dr. Herndon made a survey of the surgical area before closing and further asked the nurse in charge of counting the sponges whether they were all removed. The nurse advised the doctor that the sponge count was correct. These differences are enough to defeat a motion for directed verdict. "A motion for a directed verdict may not 'be sustained unless there is an entire absence of proof on a material issue.'" *Franklin,* 2000 OK ¶13, 19 P.3d at 837 (citing *Harder v. F.C. Clinton, Inc.,* 1997 OK 137, ¶6, 948 P.2d 298, 302). The matter was properly sent to the jury.

¶6 Hartley next complains that the trial court erred in failing to instruct the jury using the *Franklin* criteria. We disagree, because, as we have stated, the factors, or criteria, were nothing but facts established in the *Franklin* case. Under Hartley's analysis, the fact that a single sponge was left in a patient during surgery would establish strict liability. According to *Toal,* that is not the law. The jury was properly instructed on the elements of negligence and the standard of care. Instructions setting forth the "criteria" as law would have constituted an error of law. The trial court properly rejected the proposed instruction.[2]

¶7 For the reasons stated, we AFFIRM the judgment in favor of Dr. Herndon.

JOPLIN, V.C.J., and JONES, J., concur.

---

2. Although Hartley failed to set out the requested instruction *in totidem verbis* in his brief as required by then extant Supreme Court Rule 1.11(e), we note that the Oklahoma Supreme Court, in *Dowling v. Prado Verde Ranch, Inc.,* 2001 OK 16, 47 P.3d 458 (mandated November 20, 2001) has significantly and substantively modified the rule. The modified rule 1.11(e) was effective thirty days after the final publication in the Oklahoma Bar Journal. *Dowling* was published in the Oklahoma Bar Journal February 24,

2001. In the case at bar, Hartley filed his appeal January 11, 2001, and filed an amended petition in error January 29, 2001. Herndon's response was filed January 31, 2001. Hartley filed his brief in chief August 13, 2001 and Herndon's response brief was filed September 18, 2001. Hartley's brief minimally complied with the new strictures concerning complaints about instructions because the appellate court was guided to the location in the record of the proposed instruction and his objection to its denial.